IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   3:06cr66/LAC/EMT
           3:20cv5428/LAC/EMT

ALONZO JOHNSON

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Alonzo Johnson's "2255 Motion in Accordance to *United States v. Reece / United States v. Davis*" (ECF No. 439). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and without merit, and it should be summarily dismissed.

BACKGROUND AND ANALYSIS

In 2006, Johnson pleaded guilty and was convicted of conspiracy to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(iii) ("Count One"), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18

U.S.C. § 924(c)(1)(A) ("Count Two"). The court sentenced him to 220-months imprisonment as to Count One and 60-months imprisonment as to Count Two, with the sentences to run consecutively. He did not appeal, but in 2011 the court reduced his sentence on Count One to 150-months imprisonment (ECF No. 323). The sentence as to Count Two, and its consecutive nature, remained the same (*id.*). The court denied two subsequent motions for sentence reduction, and Johnson unsuccessfully appealed (ECF Nos. 379, 386, 397). Johnson's "Motion for Application of the First Step Act" remains pending (ECF No. 429).

Johnson's instant § 2255 motion, dated April 19, 2020, was docketed by the clerk on April 27, 2020 (ECF No. 439). In this motion Johnson contends he is entitled to sentencing relief because "'conspiracy to commit' a drug trafficking crime, no longer qualifies as a predicate crime of violence, to support a § 924(c) offense" (*id*. at 1). He bases his claim on a case from the Fifth Circuit, *United States v. Reece*, 938 F.3d 630 (5th Cir. Sept. 30, 2019), which held that a conviction for conspiracy to commit bank robbery could not serve as a predicate offense for a conviction for using a firearm in connection with a crime of violence. Johnson's motion is both untimely and legally without merit.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Affording Johnson's motion the liberal construction that must be given to pro se pleadings, it appears Johnson contends his motion is timely because his claim—based on a decision rendered by the Fifth Circuit interpreting *United States v. Davis,* 139 S. Ct. 2319 (June 24, 2019) (holding that § 924(c)(3)'s residual clause is unconstitutionally vague)—was filed within one year of the date of the decision in *Davis*. However, neither decision applies to this case.

Johnson was convicted under title 18 U.S.C. § 924(c)(1)(A), which proscribes using, carrying, or possessing a firearm during and in relation to any crime of violence or drug trafficking crime. Section 924(c) offenses do not stand alone—they require a predicate offense, namely, either a "crime of violence" as defined in 18 U.S.C. § 924(c)(3), or a "drug trafficking crime," as defined in 18 U.S.C. § 924(c)(2). The *Davis* Court held that the "residual clause" portion of the definition of the term "*crime of violence*" set forth in Section 924(c)(3) was

unconstitutionally vague. Johnson's predicate offense in this case was for a drug trafficking crime, as defined in Section 924(c)(2), not a crime of violence (*see* ECF No. 199). Therefore, *Davis*' invalidation of a portion of the definition of the term "crime of violence" has no bearing upon his case and it does not "restart the clock" for him to pursue his claim. By the same token, the underlying premise for Johnson's claim, that his drug conspiracy conviction does not support his § 924(c) conviction (whether based on *Davis* or *Reece*), is invalid. His motion is therefore both untimely and without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 3:06cr66/LAC/EMT; 3:20cv5428/LAC/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The "2255 Motion in Accordance to *United States v. Reece* / *United States v. Davis*" (ECF No. 439) be summarily **DENIED and DISMISSED** as untimely and without merit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29th day of April 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:06cr66/LAC/EMT; 3:20cv5428/LAC/EMT